GRIFFIN, J.
Odaine W. Kerr [“Kerr”] has appealed the denial of the two grounds of his claim of ineffective assistance of trial counsel after his violation of probation. The first claim was summarily denied without an evidentiary hearing. The second claim was denied after a hearing. We find no error as to the second ground, but conclude an evidentiary hearing should be held on the first claim.
Although, as the trial court correctly found, most of Kerr’s claims and contentions are legally insufficient or simply irrelevant,[1] the underlying core claim is that each of his violations of probation was directly due to his inability to pay money because he had none, and that his counsel was deficient for having failed to marshal the evidence to establish that, despite his best efforts, he was destitute. As to his violation of probation for failing to attend sex offender evaluation, Kerr would have to show that obtaining a sex offender evaluation was impossible without the money he lacked and could not obtain and this *553 impossibility was the sole reason he did not attend as ordered. He would further have to show that his counsel was ineffective for having failed to establish that fact. Doubtful though we are about this claim, it is sufficient to warrant an evidentiary hearing.
AFFIRMED in part; REVERSED in part; and REMANDED.
TORPY, C.J. and EVANDER, JJ., concur.

. For example, it is not material if, as he claims, some woman at ITM told him not to show up for evaluation if he could not pay the fee.